UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY WISE,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE MATT RICHARDSON,<br><br>Defendant. | Case No. 1:25-cv-00356-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Jeremy Wise has two filings before the Court: an application to proceed without prepayment of fees and a proposed civil rights complaint. For the reasons explained below, the Court will deny Wise's application and dismiss his complaint.

## ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id.* The applicant must state the relevant facts in this

affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a complaint if the applicant, among other things, fails to state a claim that could result in the granting of relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

In this case, Wise filed his application to proceed without prepaying fees along with an affidavit in support of that application. *Application*, Dkt. 1. In his affidavit, Wise stated that he was homeless and had been for "years." *Application*, Dkt. 1 at 1-2. But when listing his expenses, he included $400 a month to pay for rent or a house. *Application*, Dkt. 1 at 5. Even giving Wise the benefit of the doubt, these statements appear inconsistent, and he has offered no explanation to resolve this issue. *Application*, Dkt. 1. Given Wise's inconsistent statements, he has not provided the relevant facts with the required "particularity, definiteness, and certainty." *See McQuade*, 647 F.2d at 940. The Court thus denies Wise's application to proceed without prepaying fees. *See Richardson v. California*, 2024 WL 5391326, at *3 (N.D. Cal. Feb. 13, 2024) (finding that "inconsistent and

confusing statements about whether [the applicant] owns a home," among other financial discrepancies, justified denial of application).

As for Wise's complaint, he accused Detective Richardson, a "Nampa police officer," of violating his Eighth Amendment rights under the U.S. Constitution by assaulting Wise on June 29, 2018. *Complaint*, Dkt. 2 at 1-2, 4. But this complaint has two major flaws. First, Wise waited too long to sue Detective Richardson. His lawsuit seems to be a Section 1983 claim, which is a type of lawsuit filed under 42 U.S.C. § 1983 by an individual who asserts that their constitutional rights were violated by someone appearing to act under the legal authority of a state. *See Complaint*, Dkt. 2. A person bringing a Section 1983 claim must do so within the time allowed for personal injury lawsuits in the state where the case is brought, which here is Idaho. *See Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003). And Idaho law requires the individual suing in a personal injury case to do so within two years of the incident that led to the lawsuit. *See* Idaho Code § 5-219(4).

Wise states that Detective Richardson assaulted him in 2018, so he had to bring his Section 1983 lawsuit in 2020 at the latest. *Complaint*, Dkt. 2 at 4; *see* Idaho Code § 5-219(4). But he did not do so. Instead, he filed his lawsuit in 2025, some seven years after the alleged assault and five years after the Section 1983 filing deadline. *Complaint*, Dkt. 2. Wise thus filed his lawsuit too late for him

to be granted relief. *See Benyamini v. Stead*, 2017 WL 1230839, at *1 (C.D. Cal. Mar. 31, 2017) (noting that a plaintiff fails to state a claim for which relief can be granted when a complaint reveals a fact or complete defense that will "necessarily defeat the claim"). The Court must therefore dismiss Wise's complaint for this reason. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren*, 152 F.3d 1193.

Second, Wise cannot sue Detective Richardson for violating his Eighth Amendment rights given the facts he alleges. The Eighth Amendment to the U.S. Constitution protects people from "excessive bail," "excessive fines," and "cruel and unusual punishments." U.S. Const. amend VIII. But it only protects people who have already been convicted of a crime. *See United States v. Lovett,* 328 U.S. 303, 317–18 (1946). Here, Wise claims that Detective Richardson violated his Eighth Amendment rights after pulling Wise out of a police car and attacking him. *Complaint*, Dkt. 2 at 3-4. Wise, though, does not claim that he was convicted of a crime, much less that Detective Richardson sought to punish him after such a conviction. *See Complaint*, Dkt. 2. Wise thus fails to state a claim for which he could be granted relief for this reason as well, so the Court has another, independent ground to dismiss his complaint. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren*, 152 F.3d 1193.

Because Wise has failed to state a claim for which he could be granted relief, and no conceivable amendment of his complaint consistent with the facts he

provided would allow him to state such a claim, the Court will dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(ii).

## ORDER

**IT IS ORDERED:**

In accordance with the Memorandum Decision provided above,

NOW THEREFORE IT IS HEREBY ORDERED, the application for leave to proceed in forma pauperis (Dkt. 1) is DENIED.

IT IS FURTHER ORDERED, that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: August 25, 2025

B. Lynn Winmill
U.S. District Court Judge